IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| RONDA R. RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 06-5126-CV-SW-DW-SSA |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security,, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Ronda R. Ramirez seeks judicial review of the decision of the Commissioner of Social Security Administration denying her application for benefits under Title II and XVI of the Social Security Act. On June 26, 2006, following a hearing, the administrative law judge [1] ("ALJ") found Plaintiff was not disabled under the Act. The Appeals Council of the Social Security Administration denied Plaintiff's request for review. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully considering the parties' arguments and the submitted record, the Court affirms the Commissioner's decision for the reasons set forth below.

I.  Standard of Review

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Travis v. Apfel, 477 F.3d 1037, 1040 (8th Cir. 2007). This review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes

---

[1] The Honorable David K. Fromme.

into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

## II. Discussion

Plaintiff raises three issues for the Court's review: 1) whether the ALJ properly considered the opinions of Plaintiff's treating mental health professionals; 2) whether the ALJ properly determined Plaintiff's residual functional capacity; and 3) whether the ALJ properly determined that Plaintiff could perform her past relevant work.

### A. Medical Opinions

Plaintiff argues that "the ALJ discarded the opinions from two treating sources in order to rely upon the opinion of a one time consultative examiner." (Pl. Brief p. 11.)

The ALJ is responsible for resolving conflicts in the medical opinions of record. Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000). Generally, a treating physician's opinion is given controlling or substantial weight, however, an ALJ may discount a treating physician's opinion when it is unsupported by diagnostic tests or other treatment records and where it is in conflict with the evidence in the record as a whole. Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005). Furthermore, a consulting physician's opinion may constitute substantial evidence, even when it conflicts with a treating physician's opinion, if it is supported by better or more through medical evidence. Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997).

Two medical sources, Jason Fairman, PsyD. and Jackie Wooldridge, FNP, both submitted

2

medical source statements indicating that Plaintiff suffered from marked difficulties in the ability to sustain concentration and persistence, the ability to complete a normal work day and workweek, and marked limitations in the areas of social interaction. The ALJ discounted these medical source statements finding that treatment notes did not support the level of impairment noted on the forms. The ALJ further noted that Dr. Fairman and Ms. Wooldridge's records do not indicate any formal testing was performed or recommended. In contrast, the report of the consultative examiner, Amy Cole, M.D., indicates that multiple objective tests were performed, none of which indicated the limitations claimed by Plaintiff or suggested by her treating physicians. Dr. Cole also opined that testing raised "serious concern" about whether Plaintiff was malingering and exaggerating her symptoms.

Plaintiff argues that an ALJ may not reject an opinion simply because it is provided on a medical source statement ("MSS"). Reed v. Barnhart, 399 F.3d 917. Plaintiff is correct insofar as the Reed court found that it is error when the ALJ discounts the opinion simply because it was presented exclusively on a medical source statement. In this case, however, the ALJ found the conclusions indicated on the MSS were not supported by the treatment records. Such ALJ conclusions are appropriate. Reed, 399 F.3d at 921 ("We have upheld an ALJ's decision to discount a treating physician's MSS where the limitations listed on the form stand alone, and were never mentioned in the physician's numerous records or treatment nor supported by any objective testing or reasoning.") (quotations omitted); see also Strongson, 361 F.3d 1066, 1071 (8th Cir. 2004) (affirming the ALJ's decision to give little weight to an MSS where the completing physician's opinion was "without explanation or support from clinical findings" and "not internally consistent with [his] own treatment notations").

The Court finds no error in the ALJ's weighing of the various medical opinions in the record and finds his conclusions supported by substantial evidence on the record as a whole.

      B.    <u>Residual Functional Capacity</u>

Plaintiff argues that the ALJ did not include all of Plaintiff's limitations in her RFC, specifically, the mental limitations indicated by Dr. Fairman and Ms. Wooldridge and physical limitations imposed by her carpal tunnel and back impairments.

The ALJ has a duty to determine the RFC based on all of the relevant evidence. McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). But, the ALJ may properly exclude those limitations he finds to be not credible. Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir. 1995). Here, the ALJ excluded those limitations he found not credible. As noted above, the ALJ's findings related to Plaintiff's mental limitations were made after a thorough review of the opinions of the treating and examining medical sources in the record. The ALJ also examined the record evidence related to Plaintiff's claimed physical impairments. The ALJ examined the treatment notes and diagnostic testing following Plaintiff's carpal tunnel surgery. The ALJ found the medical evidence of record did not support Plaintiff's claimed wrist limitations. Similarly, the ALJ examined the evidence relating to Plaintiff's claimed back limitations. He found no credible medical evidence supporting Plaintiff's claimed limitations. The Court finds that the ALJ's RFC determination is proper and based on substantial evidence contained in the record. That this or another Court would have made a different determination is irrelevant where, as here, the ALJ's determination is supported by substantial evidence.

      C.     Past Relevant Work

Plaintiff argues that the ALJ erred in failing to make detailed findings regarding the physical and mental demands of Plaintiff's prior relevant work citing Groeper v. Sullivan, 932 F.2d 1234, 1238 (8th Cir. 1991) (failure to fully investigate and make explicit findings as to the physical and mental demands of claimant's past relevant work requires reversal).

Plaintiff's reliance on Groeper is misplaced. In Groeper, there was no vocational expert testimony concerning the skill and exertional requirements of the claimant's past work. Here, unlike Groeper, the ALJ relied on the vocational expert's opinion concerning the functional

4

demands of Plaintiff's particular past relevant work and that Plaintiff could perform her past relevant work. This is consistent with Social Security regulations and constitutes substantial evidence of the physical and mental demands of Plaintiff's prior relevant work. See <u>Battles v. Sullivan</u>, 902 F.2d 657, 659 (8th Cir. 1990) (if record contains substantial evidence that claimant can perform past work, failure to develop past work record in full detail does not require remand); 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Accordingly, the Court finds that the ALJ's determination that Plaintiff is able to perform the duties of her past relevant work is supported by substantial evidence on the record as a whole.

    III.    <u>Conclusion</u>

After careful examination of the parties' briefs and the complete record, the Court AFFIRMS the ALJ's decision finding that it is supported by substantial evidence on the record as a whole.


Date:   March 28, 2008                               /s/ Dean Whipple
                                                                     Dean Whipple
                                                      United States District Judge